IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DETROY JOHNSON,                    :        CIVIL ACTION

                Petitioner           :

    v.                             :

PENNSYLVANIA BOARD OF              :
PROBATION AND PAROLE,

           Respondents        :        NO. 02-4632

## **ORDER**

    AND NOW, this            day of                 , 2003, it is ORDERED

that Petitioner's Motion for Preliminary Injunction (Document #8) and Motion

for Expungement of DNA/Immunity (Document #10) are DENIED.


               BY THE COURT:


              _____

                              J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DETROY JOHNSON, | : | CIVIL ACTION |
| Petitioner | : | |
| v. | : | |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, | : | |
| Respondents | : | NO. 02-4632 |

**RESPONDENTS' RESPONSES TO PETITIONER'S MOTIONS
FOR PRELIMINARY INJUNCTION AND EXPUNGEMENT OF DNA**

This is a habeas corpus action brought by a State convict, who is serving a sentence for third degree murder, robbery, and conspiracy.  The Petition for Writ of Habeas Corpus does not challenge the validity of the convictions, but alleges, vaguely, that the Pennsylvania Board of Probation and Parole has miscalculated Petitioner's sentence and, perhaps, that it has improperly revoked his parole and refused him re-parole.  Respondents have answered the Petition, and it is pending before the Court.

Petitioner has now filed two documents.  One asks the Court to enter a preliminary injunction directing that Petitioner not be required to submit to any DNA test (Document #8).  The other appears to ask that Petitioner not be required to give a DNA sample (Document #10).  The Court should deny Petitioner's requests for at least four reasons.

First, this is a habeas corpus action, not a civil action.  The only relief possible in habeas corpus is a writ of habeas corpus, not an injunction either preliminary or permanent.  28 U.S.C. § 2243.

Second, the current motions have nothing to do with the claims made in the underlying habeas corpus action.  The underlying claims address the length of Petitioner's sentence.  The motions are concerned with alleged demands for DNA samples.  A preliminary injunction preserves a party's status pending final disposition where the party has a likelihood of ultimate success on the merits.  A preliminary injunction has no place when it complains of events and requests relief that have nothing to do with the underlying merits and will not be resolved on final disposition of the action.

Third, even if Petitioner is now claiming that the DNA requirement somehow causes him to be in custody in violation of the Constitution, and is a ground for issuance of a writ of habeas corpus, he has not pursued the claim in the State courts.  Therefore, he cannot assert it as a basis for federal habeas corpus.  28 U.S.C. § 2254(b)(1).

Fourth, even if Petitioner's DNA collection claim were properly before the Court, it would fail on the merits.  Indeed, Petitioner presented the claim in the Middle District, which is the proper venue: *Johnson v. Ogershok,* No. 4:CV-02-1525.  Indeed, Magistrate Judge Blewitt and District Judge Muir denied Petitioner's Motion for Preliminary Injunction there because the DNA collection is proceeding pursuant to the requirements of a constitutional Pennsylvania statute, now located at 42 Pa.C.S. §§ 4701, *et seq.*  Respondents here incorporate by reference the Magistrate's Report and Recommendation and Judge Muir's approval of it, copies of which are attached.

2

Even absent the Middle District decision, Petitioner's claim would have no merit.  The State law requires Petitioner to give a DNA sample because he has been convicted of crimes listed in the statute: murder and robbery.  42 Pa.C.S. §§ 4703, 4716, 4717.  The Pennsylvania courts have found the law constitutional.  *Dial v. Vaughn,* 733 A.2d 1 (Pa.Cmwlth. 1999).  Federal courts have found similar laws constitutional, particularly as applied to crimes of violence like Petitioner's.  *Roe v. Marcotte,* 193 F.3d 72 (2d Cir. 1999);  *Boling v. Romer,* 101 F.3d 1336 (10th Cir. 1997); *Rise v. Oregon,* 59 F.3d 1556 (9th Cir. 1995); *Jones v. Murray,* 962 F.2d 302 (4th Cir. 1992).

D. MICHAEL FISHER
ATTORNEY GENERAL


BY:   s/ John O. J. Shellenberger
        John O.J. Shellenberger
        Chief Deputy Attorney General
        Identification No. 09714

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603
Telephone:  (215) 560-2940

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DETROY JOHNSON,                          :        CIVIL ACTION NO. 4:CV-02-1525
                                         :
            Plaintiff                    :        (Judge Muir)
                                         :
            v.                           :        (Magistrate Judge Blewitt) **FILED**
                                         :                              **SCRANTON**
J. J. OGERSHOK,                          :
                                         :                              MAR 1 0 2003
            Defendant                    :
                                                  PER _____
                                                         DEPUTY CLERK

## REPORT AND RECOMMENDATION

Plaintiff, an inmate at the State Correctional Institution at Huntingdon ("SCI-Huntingdon")

filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 28, 2002. Plaintiff is proceeding

*pro se.* An Amended Complaint was filed on October 21, 2002. (Doc. 16).

**I. Discussion.**

On October 4, 2002, Plaintiff's Order to Show Cause and Temporary Restraining Order

("TRO") were docketed. (**Doc. 12**). Pursuant to our Order, Plaintiff filed a Memorandum in

Support of his TRO. (Doc. 17). Defendant Ogershok has submitted his Brief in Opposition and

Supporting Documents regarding Plaintiff's TRO Motion. (Docs. 30 and 31). It is, therefore, ripe

for disposition.[1]

The Plaintiff alleges that SCI-Huntingdon Unit Manager Defendant Ogershok, the sole

Defendant in this case, threatened retaliation against him because he would not comply with a

Department of Corrections ("DOC") policy requiring violent and sex offenders to provide a DNA

_____

[1]Since Plaintiff is seeking a TRO, which is in the nature of injunctive relief, the undersigned lacks the authority to issue an order with respect to this motion. *See* 28 U.S.C. § 636(b)(1)(A).

sample. (*See* Doc. 17). Plaintiff contends that the Defendant has threatened to transfer him, deny him parole, remove him from the honor block, strip him of level 2 status, issue misconduct reports, and forcibly take a DNA sample from him. (Doc. 17). Plaintiff notes that he needs a TRO to protect him from the stated retaliatory conduct.

Defendant asserts that DOC policy and Pennsylvania law, specifically DOC Policy 11.6.1 and 35 Pa. C.S.A. § 7651.101, *et seq.*, DNA Detection of Sexual and Violent Offenders Act ("the Act") requires Plaintiff, a convicted murderer and a violent offender, to submit a DNA sample. Defendant contends that Plaintiff was counseled he is not eligible for parole and outside clearance until he complies with DOC policy and the Act by giving a DNA sample. In his Declaration Defendant avers that he has not threatened Plaintiff; rather, he has only explained to Plaintiff the negative consequences which would result from his failure to comply with the Act and DOC policy (*See* ¶'s 14-17, Ex. 1, Doc. 31). The Defendant further states that, since Plaintiff refused to provide a DNA sample, he submitted a vote sheet to the Superintendent, resulting in the revocation of Plaintiff's outside clearance. *Id.* At ¶ 14.[2]

We find, as Defendant argues, that the Plaintiff has failed to meet his burden of establishing any likelihood of success on the merits. *See Franklin Russell Co. v. Wellington Management Co. LLP* 154 F.3d 97, 101 (3d Cir. 1998). All of the conduct which Plaintiff alleges the Defendant will take against him in retaliation for his failure to provide a DNA sample are provided for by DOC policy and the Act. (*See* ¶'s 7-8 of Defendants Declaration). The Act also applies to Plaintiff, as Defendant maintains. *Id.* Defendant notes that both Pennsylvania state courts and federal courts have upheld

---

[2]Defendant's vote sheet is attached to Doc. 31.

2

the constitutionality of DNA sampling statutes. (Doc. 30, pp. 9-10).  Defendant cites to *Dial v.*

*Vaughn*, 733 A.2d 1 (Pa. Cmwlth. T. 1999), which upheld the constitutionality of the Act, and *Rise*

*v. Oregon*, 59 F.3d 1556 (9th Cir. 1995), *cert. denied*, 517 U.S. 1160 (1996) (holding Oregon

statute creating DNA database not in violation of the Fourth Amendment).  Plaintiff does not cite

to any authority to the contrary, nor have we found any case which held the Pennsylvania Act

unconstitutional.  We agree with Defendant that Plaintiff has not shown a likelihood that he will

succeed on the merits.

      We also agree with Defendant that Plaintiff has not shown he can succeed on a § 1983

retaliation claim.  In *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001), the Court indicated that,

as a threshold matter in a retaliation case, the prisoner must show that the conduct which led to the

alleged retaliation was constitutionally protected. Here, Plaintiff fails to meet even this threshold

requirement of such a claim.  We fail to see how Plaintiff's refusal to comply with DOC policy and

Pennsylvania law which required him to submit a DNA sample was conduct protected by the

Constitution.   Further, as Defendant argues, he was merely advising the Plaintiff of the

consequences of failing to comply with DOC policy and Pennsylvania law.

      The Plaintiff also makes no showing of imminent and irreparable harm to himself.  The

Plaintiff has not documented that any harm will occur to him prior to a decision on the merits of

his case. *See Wright, Miller & Kane, Federal Practice and Procedure*, § 2948.1 (2d Ed. 1995).  No

has Plaintiff shown that any adverse action has occurred due to his refusal to provide a DNA

sample. *See* Doc. 17. Finally, Plaintiff has not shown how compensatory damages or other relief

would be inadequate were he to prevail on the merits of his case, nor has he shown any

3

extraordinary circumstances which would give rise to irreparable harm necessary for injunctive relief. *Id.*

The Plaintiff only claims that the Defendant may cause him harm; specifically, Plaintiff asserts that the Defendant may deny him parole, remove him from the honor block, and forcibly extract a DNA sample. *(See* Doc. 17). Defendant has shown that he has only advised Plaintiff of the consequences for his failure to comply with DOC policy and the Act. Once again, the harm alleged by Plaintiff is neither imminent, nor is it beyond relief which can be afforded through compensatory damages. Moreover, the alleged injury is purely speculative.

Accordingly, it will be recommended that Plaintiff's Motion be denied.[3]

---

[3]Plaintiff filed a Motion for Preliminary Injunction on March 6, 2003. (Doc. 32). Plaintiff alleges that the prison stafaf told him he was going to be placed in the RHU tomorrow for thirty (30) days if he did not submit to DNA testing. Plaintiff's Motion has not yet been briefed by the parties. As discussed above, we have found that Plaintiff has not shown a likelihood of success on the merits of his civil rights case. Thus, we will consider Plaintiff's Preliminary Injunction Motion when it becomes ripe for disposition. We do note, however, that as support for his Preliminary Injunction Motion, Plaintiff relies upon the mistaken belief that this Court has already issued a Restraining Order which precludes his placement in the RHU. (Doc. 32, p. 1).

4

**II. Recommendation.**

Based on the foregoing, it is respectfully recommended that Plaintiff's Motion for Temporary Restraining Order (**Doc. 12**) be denied.  It is further recommended that the matter be remanded to the undersigned for further proceedings.

THOMAS M. BLEWITT
United States Magistrate Judge

Dated: March _10_ 2003

5

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DETROY JOHNSON,                    :        CIVIL NO. 4:CV-02-1525
                                   :
        Plaintiff                  :
                                   :
        v.                         :        (Judge Muir)
                                   :
J. J. OGERSHOK,                    :        (Magistrate Judge Blewitt)
                                   :
        Defendant                  :

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing

Report and Recommendation dated March _10_, 2003.

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof. Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections. The briefing
requirements set forth in Local Rule 72.2 shall apply. A judge shall
make a de novo determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

Office of R̶E̶...
MAY 1 9 2...
Litigation Sect...

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DETROY JOHNSON,                    :    No. 4:CV-02-1525
                                   :
        Plaintiff,                 :    Complaint filed 08/28/02
                                   :
        vs.                        :    (Judge Muir)
                                   :
J.J. OGERSHOK,                     :    (Magistrate Judge Blewitt) **FILED**
                                   :                    **WILLIAMSPORT**
        Defendant                  :
                                        MAY 1 9 2003

ORDER

May /9, 2003                    Per_____
                                    DEPUTY CLERK

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

        Plaintiff Detroy Johnson, an inmate at the State
Correctional Institution at Huntingdon, Pennsylvania (hereinafter
"Huntingdon"), initiated this action on August 28, 2002, by
filing a complaint. The sole named Defendant is J.J. Ogershok
who is a corrections officer at Huntingdon. Johnson is
proceeding *pro se* and *in forma pauperis*. This case was assigned
to us but referred to Magistrate Judge Thomas M. Blewitt for
preliminary consideration.

        On October 4, 2002, the following two events occurred in
this case: 1) Johnson filed a motion for a temporary restraining
order, and 2) Magistrate Judge Blewitt issued an order requiring
Johnson to file an amended complaint. On October 21, 2002,
Johnson filed both his amended complaint and a brief in support
of his motion for a temporary restraining order.

        As a result of other proceedings in this case, Ogershok

received an extension of time to file a brief opposing Johnson's
motion for a temporary restraining order, and he timely filed his
brief on February 12, 2003.  The time allowed for Johnson to file
a reply brief expired on March 3, 2003, and he filed no such
brief.  On March 10, 2003, Magistrate Judge Blewitt issued a
report recommending that Johnson's motion for a temporary
restraining be denied and the matter remanded to the Magistrate
Judge for further proceedings.  The Magistrate Judge specifically
concluded that Johnson failed to demonstrate 1) any likelihood of
success on the merits, and 2) any showing of imminent and
irreparable harm if no restraining order issues.

On March 19, 2003, Johnson filed objections to the
Magistrate Judge's report and recommendation.  After receiving an
extension of time in which to do so, Ogershok timely filed his
opposition brief on April 22, 2003.  Johnson filed a reply brief
on May 7, 2003, thereby ripening his objections to the Magistrate
Judge's report and recommendations.

When objections are filed to a report of a magistrate judge,
we make a _de novo_ determination of those portions of the report
or specified proposed findings or recommendations made by the
magistrate judge to which there are objections.  United States v.
Raddatz, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); M.D. Pa.
Local Rule 72.31.  Furthermore, district judges have wide
discretion as to how they treat recommendations of the magistrate

2

judge. _Id._  Indeed, in providing for a _de novo_ review
determination rather than a _de novo_ hearing, Congress intended to
permit whatever reliance a district judge, in the exercise of
sound discretion, chooses to place on a magistrate judge's
proposed findings and recommendations. _Id._ _See also_ Mathews v.
Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7
(3d Cir. 1984).

When a motion for a temporary restraining order is made with
notice to the adverse party and the adverse party has an
opportunity to respond, the standard of review is the same as
that which governs motions for preliminary injunctive relief.
Local 1814 v. New York Shipping Association, Inc. 965 F.2d 1224,
1228 (2d Cir. 1992); Levas & Levas v. Village of Antioch,
Illinois, 684 F.2d 446, 448 (7th Cir. 1982).  Johnson served a
copy of his motion and supporting brief upon Defendant Ogershok.

Preliminary injunctive relief is extraordinary in nature,
and is discretionary with the trial judge. Frank's GMC Trucking
Center, Inc. v. General Motors Corp., 847 F.2d 100, 101-102 (3d
Cir. 1988); Glasco v. Hills, 558 F.2d 179, 179 (3d Cir. 1977);
Orson, Inc. v. Miramax Film Corp., 836 F. Supp. 309, 311 (E.D.
Pa. 1993)(Joyner, J.).  This discretion is necessary because of
the "infinite variety of situations which may confront" the trial
judge. A.L.K. Corp. v. Columbia Pictures, Indus., Inc. 440 F.2d
761, 763 (3d Cir. 1971).  The power to issue a temporary

3

restraining order or an injunction should be used sparingly and
relief should not be granted except in those rare instances in
which the law, the facts, and equities are clearly in the moving
party's favor. See 11A Charles A. Wright, et al., Federal
Practice and Procedure, § 2948, at 127-130 (1995).

Because a temporary restraining order or a preliminary
injunction is extraordinary relief, the movant's burden is not
light.  Johnson bears the burden of producing evidence sufficient
to convince the court that (1) he has shown a reasonable
probability of success on the merits; (2) he will be irreparably
injured by denial of such relief; (3) granting of preliminary
relief will not result in even greater harm to the non-moving
party; and (4) granting preliminary relief will be in the public
interest. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir.
1987).  Where a movant fails to show either a reasonable
probability of success on the merits or irreparable injury,
preliminary relief must be denied. In re Arthur Treacher's
Franchisee Litig., 689 F.2d 1137, 1143 (3d Cir. 1982).

A plaintiff need not establish with certainty that he or she
will succeed on the merits.  The burden is on the moving party,
however, to make a prima facie showing that the plaintiff has a
reasonable probability of success on the merits. Oburn v. Shapp,
521 F.2d 142, 148 (3d Cir. 1975).  However, if sufficient doubt
is raised as to the plaintiff's ability to succeed, the motion

4

should be denied. Sovereign Order of Saint John of Jerusalem-
Knights of Malta by Coleman v. Messineo, 572 F. Supp. 983, 990
(E.D. Pa. 1983)(Huyett, J.); City of Philadelphia vs. Klutznick,
503 F. Supp. 659, 661 (E.D. Pa. 1980)(Bechtle, J.); Servomation
Mathias, Inc. v. Englert, 333 F. Supp. 9, 13 (M.D. Pa. 1971)
(Muir, J.); Wright, Miller & Kane, supra, § 2948.3, at 198.  In
light of the foregoing standard, we turn to the merits of
Johnson's motion for a temporary restraining order or preliminary
injunction.

We begin by examining Johnson's amended complaint, in which
he states that "[t]his is a civil action authorized by 42 U.S.C.
§ 1983 to redress the deprivation ... of rights secured by the
Constitution of the United States." (Document 16, p. 1)
According to the allegations in the amended complaint, during a
review of Johnson's eligibility for parole, Ogershok informed
Johnson that Johnson was required to provide a DNA sample because
Johnson had been convicted of a violent offense.  In response to
Ogershok's statements, Johnson stated, and he still maintains,
that no law requires him to provide such a sample and any such
requirement would violate his Fourth Amendment rights.

All of the claims in Johnson's amended complaint flow from
the fact that Ogershok informed Johnson of various consequences
which would arise if Johnson failed to provide a DNA sample.
Johnson argues in the brief supporting his motion for a temporary

5

restraining that Ogershok should be prevented from engaging in

the "retaliatory conduct towards prisoners for exorcising (sic)

the constitutional right." (Document 17, p. 1)  The retaliatory

acts allegedly committed by Ogershok were claimed by Johnson to

be

> terroristic threats of transfer, denial of parole/parole
> support, forcible removal from the honor block, stripped of
> all level two (2) status, retaliatory misconducts, and
> forcible extraction of DNA sample ....

(Document 17, p. 1)

Although Johnson fails to identify in his brief (or in the

amended complaint) the specific constitutional right at issue, we

interpret his claims to be based on alleged Fourth Amendment

violations which would result if Pennsylvania's authorities

obtained a DNA sample from Johnson.  The Commonwealth seeks to

obtain that sample from Ogershok because he is a violent offender

subject to the provisions of the Pennsylvania statute found at 35

Pa. C.S.A. § 7651.101, et seq., and Department of Corrections'

Policy number 11.6.1, both of which authorize the Commonwealth to

obtain such a sample from Johnson.

With those background facts in mind, we turn to consider

whether Johnson has shown a reasonable probability of success on

the merits of his case.  As noted above, this is a civil rights

case in which Johnson alleges that Ogershok has violated his

constitutional rights.

All but two of Ogershok's alleged "retaliatory" acts (i.e.,

6

the denial of parole or refusal to recommend parole for Johnson,
forcible removal of Johnson from the honor block, stripping
Johnson of certain privileges, and forcibly extracting a DNA
sample from Johnson) are actions which may properly be taken
pursuant to the governing Pennsylvania statute and Department of
Corrections' policy. See 35 Pa. C.S.A. § 7651.101, et seq.;
Department of Corrections' Policy 11.6.1. The only cases of
which we are aware are those which have upheld the
constitutionality of a state's ability to obtain a DNA sample.
See Dial v. Vaughn, 733 A.2d 1 (Pa. Cmwlth. 1999); Rise v.
Oregon, 59 F.3d 1556 (9th Cir. 1995), ceret. denied, 517 U.S.
1160 (1996).

We are of the view that Johnson has failed to establish a
probability of success on the merits with respect to the alleged
conduct of Ogershok described in the preceding paragraph. All of
that conduct lies within the scope of a constitutional statute.
Those alleged actions taken by Ogershok do not constitute a
constitutional violation.

Nonetheless, Johnson claims that a temporary restraining
order should be issued because Ogershok has further retaliated
against Johnson by 1) issuing false misconduct charges against
Johnson, and 2) threatening to transfer Johnson to another
institution. We initially note that no allegations regarding
false misconduct charges filed by Ogershok were presented in

7

Johnson's complaint.  The only references to misconduct charges
in the amended complaint are that information placed in Johnson's
file by Ogershok could lead other guards to conclude that Johnson
is "a trouble maker and retaliate against [Johnson] by giving
[Johnson] misconducts ...." (Document 16, pp. 1-2)

     With respect to Ogershok's alleged threat to transfer
Johnson, Johnson has failed to demonstrate any imminent or
irreparable harm which would flow from such an action.  An inmate
has no constitutional right to be housed in any particular
institution. Olim v. Wakinekona, 461 U.S. 238 (1983); Young v.
Quinlan, 960 F.2d 351, 358 n. 16 (3d Cir.1992).  At this point we
note that in some contexts "an otherwise legitimate and
constitutional government act can become unconstitutional when an
individual demonstrates that it was undertaken in retaliation for
his exercise of [constitutional] rights." Anderson v. Davila, 125
F.3d 148, 160 (3d Cir. 1997)(citing Mt. Healthy City School Dist.
Bd. of Ed. v. Doyle, 429 U.S. 274, 97 S.Ct. 568 (1977)).
However, that principle does not apply here because the
underlying conduct at issue here (i.e., Johnson's refusal to
provide a DNA sample) is not protected by the constitution.

     In addition, Ogershok has submitted a declaration in which
he states, under penalty of perjury, that he has not 1) initiated
any misconduct reports against Johnson, or 2) threatened to
transfer Johnson to any other institution. (Document 31, Exhibit

8

1, p. 3, ¶18)  Johnson has not rebutted those statements with any information of record.

For the reasons noted above, Magistrate Judge Blewitt did not err in recommending that Johnson is not entitled to a temporary restraining order.  We will adopt that recommendation as our own and deny the motion for a temporary restraining order.

NOW, THEREFORE, IT IS ORDERED THAT:

1.  Johnson's objections filed on March 19, 2003, (Document 39) to the report and recommendation of Magistrate Judge Blewitt filed on March 10, 2003, are overruled.

2.  Johnson's motion (Document 12) for a temporary restraining order is denied.

3.  This case is remanded to Magistrate Judge Blewitt for further proceedings.

_____
MUIR, U.S. District Judge

MM:ga

9

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Office of Atto... RECE...

JUL 0 7 20..

Litigation ...

| | | |
|---|---|---|
| DETROY JOHNSON, | : | No. 4:CV-02-1525 |
| | : | |
| Plaintiff, | : | Complaint filed 08/28/02 |
| | : | |
| vs. | : | (Judge Muir) |
| | : | |
| J.J. OGERSHOK, | : | (Magistrate Judge Blewitt) |
| | : | |
| Defendant | : | |

ORDER

July 7, 2003

**FILED
WILLIAMSPORT**

JUL 7 2003

Per_____
DEPUTY CLERK

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This case was assigned to us but referred to Magistrate
Judge Thomas M. Blewitt for preliminary consideration.  On March
10, 2003, Magistrate Judge Blewitt issued a report recommending
that Johnson's motion for a temporary restraining be denied and
that the matter be remanded to the magistrate judge for further
proceedings.  Johnson filed objections to the report of the
magistrate judge.  By order dated May 19, 2003, we overruled
Johnson's objections, adopted the report and recommendation, and
remanded this case to the magistrate judge for further
proceedings.

On June 3, 2003, Johnson filed a document entitled
"Objection/Reconsideration to the Report of Judge Muir Filed May
19, 2003," in which he contends that we did not have jurisdiction
to enter the May 19, 2003, order because we had once previously
remanded the matter to the magistrate judge.  A certificate of

LOCATION:                    RX TIME    07/07 '03 10:03

service was attached to that document.  We will construe
Johnson's so-called "Objection" as a motion for reconsideration
of the May 19, 2003, order.

    As a preliminary matter we note that Johnson sent his motion
directly to the undersigned's offices, as opposed to the Clerk of
Court's office.  Consequently, Johnson's motion has not been
docketed.  In order to establish a complete record in this case,
we will require the Clerk of Court to docket Johnson's motion.

    The time allowed for Johnson to file a separate brief in
support of his motion expired on June 19, 2003, and no such brief
was filed.  However, Johnson's motion fulfills the substantive
requirements pertaining to briefs set forth in the local rules,
so we will not deny Johnson's motion on that basis.  We need not
require any additional briefing on the motion because we have all
of the information necessary to rule on it.

    On April 14, 2003, we entered an order in which we ruled on
a prior report and recommendation filed by Magistrate Judge
Blewitt.  That earlier report and recommendation addressed
Johnson's motion for a temporary restraining order.

    The Magistrate Judge issued a subsequent report and
recommendation concerning Johnson's motion for a preliminary
injunction.  The Federal Rules of Civil Procedure and this
court's local rules provided us with jurisdiction to rule on the
subsequent report and recommendation.  We had jurisdiction to

2

issue the order of May 19, 2003.

We will deny Johnson's motion for reconsideration.

NOW, THEREFORE, IT IS ORDERED THAT:

1.    The Clerk of Court shall docket Johnson's document
      entitled "Objection/Reconsideration to the Report of
      Judge Muir Filed May 19, 2003," which the undersigned
      received on June 3, 2003.

2.    Johnson's motion for reconsideration filed on June 3,
      2003, is denied.

_____

MUIR, U.S. District Judge

MM:ga

3

## CERTIFICATE OF SERVICE

I, John O. J. Shellenberger, hereby certify that the foregoing Response has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing (ECF) system.  A true and correct copy of the foregoing Response was mailed on July 28, 2003 by first class mail, postage prepaid, to:

> Detroy Johnson, AS-2576
> State Correctional Institution
>  at Huntingdon
> Drawer R
> Pike Street
> Huntingdon, PA 16652

D. MICHAEL FISHER
ATTORNEY GENERAL

BY:   s/ John O. J. Shellenberger
John O.J. Shellenberger
Chief Deputy Attorney General
Identification No. 09714

OFFICE OF ATTORNEY GENERAL
21 S. 12th Street, 3rd Floor
Philadelphia, PA  19107-3603
Telephone:  (215) 560-2940
Fax:   (215) 560-1031

4