IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DETROY JOHNSON | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PENNSYLVANIA BOARD OF | : | |
| PROBATION AND PAROLE | : | NO. 02-4632 |

## REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS                                               November 26, 2003
UNITED STATES MAGISTRATE JUDGE

  Presently before this court is Detroy Johnson's ("Petitioner") second Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner currently is incarcerated at the State Correctional Institution at Huntingdon, Huntingdon County, Pennsylvania. Petitioner seeks habeas relief based on state court procedural errors and ineffective assistance of counsel claims. The Honorable James Knoll Garner referred this matter to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons that follow, Petitioner's procedurally defaulted claims should be dismissed without an evidentiary hearing.

### I. BACKGROUND AND PROCEDURAL HISTORY[1]

  On June 29, 1982, Petitioner was convicted on two counts of robbery and sentenced to a concurrent seven-year term of probation. *See* Respondent's Brief ("*Resp.*") at 2. While on parole, on December 19, 1987, Petitioner was charged with third degree murder, and, on January 31, 1989,

---

[1] The facts set forth in this background and procedural history were gleaned from Petitioner's Petition for Writ of Habeas Corpus, attached Memorandum of Law, inclusive of all exhibits thereto, Objections to the Commonwealth's Response to the Petition of Habeas Corpus, the Commonwealth's Response to the Petition of Habeas Corpus, with exhibits, the State court record, and this court's Report & Recommendation, dated September 8, 2000.

he entered a negotiated guilty plea to third degree murder and conspiracy before the Honorable Albert F. Sabo. *Id.* at 2. Consequently, on April 11, 1989, Petitioner's probation was revoked and he was sentenced to serve two to five (2-5) years of back time on the original robbery conviction. This sentence was concurrent with Petitioner's robbery sentences, upon completion of the seven to twenty (7-20) year sentence on the third degree murder case. *Id.* His minimum expiration of sentence date was December 19, 1994; his maximum completion date is December 19, 2007. *See Johnson v. Pa. Bd. of Prob. and Parole*, No. 785 C.D. 1999, slip op. (Pa. Commw. Ct. Dec. 22, 1999).

At the expiration of his minimum, on December 19, 1994, Petitioner was released on parole. *See Resp.*, App. 9-11. However, on June 23, 1995, he was arrested and charged with a number of new crimes, including criminal trespass. *Id.*, App. 13. On August 17, 1996, he pleaded guilty to criminal trespass and was sentenced to nine to twenty-three (9-23) months in county prison, effective June 24, 1995. *Id.* at App. 16. Petitioner did not challenge his guilty plea.

On September 3, 1996, Petitioner was paroled from this sentence, however, the Pennsylvania Board of Probation and Parole (alternatively, "the Board," or "Parole Board") charged him with violation of parole on the robbery and murder sentence. *Id.* at App. 17, 18. Following a revocation hearing on October 24, 1996, Petitioner's parole was revoked and he was recommitted, effective September 3, 1996. *Id.* at App. 20-24. Prior to the revocation of his parole, Petitioner had served seven years in prison on the seven-to-twenty (7-20) year robbery sentence for his robbery conviction. *See Resp.* at 3.

In a letter addressed to and received by the Board on April 27, 1998, Petitioner requested administrative relief from the March 25, 1998 denial of parole and his February 3, 1997 commitment

2

as a convicted parole violator. *See Johnson v. Pa. Bd. of Prob. and Parole*, No. 785 C.D. 1999 slip op. (Pa. Commw. Ct. Dec. 22, 1999). On February 23, 1999, the Board dismissed Petitioner's untimely appeal of the February 3, 1997 order. *See* 37 Pa. Code § 73.1(a)(1).[2] The Board also dismissed Petitioner's appeal from the March 25, 1998 denial of parole n grounds that parole refusals are not subject to the Board's administrative appeal process per 37 Pa. Code § 73.1. *Id.*

On March 25, 1999, Petitioner filed a Petition for Review in the Nature of a Petition for a Writ of Mandamus in the Commonwealth Court of Pennsylvania. *See Resp.*, App. 34-37. Court appointed counsel, on May 13, 1999, filed an Amended Petition for Review, arguing,

> a) Petitioner's request for administrative relief was timely as it was mailed with[in] thirty days of the Board's decision dated March 25, 1998. In the alternative, the Board erred in not considering Petitioner's request for administrative relief *nunc pro tunc* as the Board failed to follow its regulations and the laws of the Commonwealth in causing Petitioner to serve his new state sentence prior to serving his original state sentence and in failing to timely inform Petitioner that he was paroled from his new state sentence.
>
> b) Petitioner was caused to serve his new state sentence before serving the original sentence upon which he was paroled in violation of 61 P.S. 331.21(a).
>
> c) The Respondent Board improperly denied Petitioner re-parole and failed to follow the provisions and criteria for re-parole in effect at the time Petitioner was paroled in violation of the Ex-Post Facto clause of the United States Constitution.[3] Petitioner has served his 15 month back time sanction and should be re-paroled.
>
> d) The Respondent Board's greensheet contains false documentation regarding recent assaultive misconduct.
>
> e) The Respondent Board failed to properly calculate Petitioner's new

---

[2] § 73.1(a)(1) provides in relevant part that: "An interested party, by counsel unless unrepresented, may appeal a revocation decision. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order. When a timely appeal of a revocation decision has been filed, the revocation decision will not be deemed final for purpose of appeal to a court until the Board has mailed its decision on the appeal . . ."

[3] *See* U.S. CONST. Art. I, § 9, c.3.

>maximum date and failed to credit Petitioner for time Petitioner was held solely on the Board's detainer.

*Id.* at 35. On June 15, 1999, Petitioner's attorney asked to withdraw from representation, because after conducting "a full and conscientious examination of the record . . . there is no factual or legal basis for Petitioner Johnson's appeal and that [the appeal] is frivolous." Petition for Review from Respondent's Denial of Administrative Relief dated February 23, 1999, No. 0785 1999 (June 15, 1999) at 3. *See* Respondents' Response to Petitioner's Motion for an Order Directing Respondents to File a Complete Record of State Court Appeal Documents in this Case, and Motion to File a Traverse and Amend the Petition for Writ of Habeas Corpus. In a letter written to Petitioner on the same date, counsel advised Petitioner that he "should be aware that the Board's decision to deny you parole is not subject to appeal." Letter to Petitioner (June 15, 1999). *Id.*

On April 26, 1999, the Commonwealth Court refused to review the denial of re-parole. *See Johnson v. Pa. Bd. of Prob. and Parole*, No. 785 C.D. 1999, Order (Pa. Commw. Ct. Apr. 26, 1999). The Commonwealth Court, however, did, with respect to the February 3, 1997 commitment order, review "whether the [Board] properly dismissed the petition for administrative relief as untimely filed." *Id.*

On July 21, 1999, Petitioner, in an amended petition, argued:

>(1) Petitioner's appeal of a parole board decision dated January 24, 1997 was timely filed;
>
>(2) Ineffective assistance of counsel "in his appeal representation," specifically,
>>(1) [Counsel's] application for leave to withdraw his appearance was faulty and legally inadequate;
>>(2) [Employees] of the Respondent had placed false documentation about a misconduct into [Petitioner's] parole file;

>   (3)   [False] documentation was used by the Respondent as a basis to deny [Petitioner] a re-parole;
>   (4)   Respondent improperly extended [Petitioner's] original sentence;
>   (5)   [Respondent] violated the ex post facto clause of the U.S. Constitution by placing new parole eligibility requirements against [Petitioner];
>   (6)   Both Respondent and appointed counsel had allowed an incomplete certified record to go before the Court on appeal of the present case;
>   (7)   Counsel was ineffective concerning matters set forth in points (1) to (6) herein; and,
>   (8)   [Therefore,] this Court should Order the Respondent to re-parole [Petitioner,] and correct the improper extension of [Petitioner's] original sentence.

*Johnson v. Pennsylvania Bd. of Prob. and Parole*, No. 785, Brief for Petitioner at 12 (Pa. Commw. Ct. July 21, 1999).

The Honorable Jim Flaherty, on December 22, 1999, affirmed the Board's decision, and allowed Petitioner's counsel to withdraw his appearance. *See Commonwealth v. Johnson*, No. 785, slip op. (Pa. Commw. Ct. Dec. 22, 1999). Judge Flaherty stated:

> Counsel informed Petitioner that the date on which he had filed his appeal was well beyond the 30 days required by the regulation and that even if the mailbox rule applied, the appeal was still filed over a year late. In addition, counsel correctly pointed out that a denial of parole is not subject to administrative appeal, and therefore, the Court cannot examine that issue. The letter also informed Petitioner of his right to proceed pro se or obtain new counsel. Because counsel has complied with the requirements listed above, we grant his application for withdrawal of appearance and will now examine the only issue before, us, the timeliness of Petitioner's administrative appeal.
>   This Court has held, and Board regulations provide, that prisoners desiring to appeal a revocation determination of the Board must file an administrative appeal within 30 days of the mailing date of the determination. Where a prisoner fails to meet this deadline, this Court has held that the Board has no jurisdiction to entertain the appeal and should dismiss it as untimely. In this case, the Board

...

> issued a decision revoking Petitioner's parole on February 3, 1997. At that time, Petitioner did not file an appeal to that decision within the required 30 days. Subsequently, Petitioner did not file an appeal on April 27, 1998 which referenced the February 3, 1997 decision. This request for an appeal was not filed within 30 days of February 3, 1997, but was filed well over a year after that decision was mailed. Therefore, the Board's dismissal of Petitioner's appeal to the February 3, 1997 revocation decision was proper as the appeal was not filed within the 30 day time requirement.
>    Accordingly, because the Petitioner's appeal was not timely filed, the order of the Board dismissing Petitioner's appeal as untimely is affirmed.

*Id.* at 4-5. (Internal citation's omitted).

Next, on October 26, 1999, Petitioner filed his first federal habeas corpus petition, claiming that the Commonwealth "[has] no [l]egal right to keep him imprisoned since he was paroled on his new conviction sentence of one to two years, and that sentence expired on June 23, 1997." *See* Petitioner's first Petition for Habeas Corpus, Oct. 26, 1999 ("Petition One") at 9-10. In a Report and Recommendation dated September 8, 2000, this court recommended that Petitioner's habeas application be dismissed, without prejudice, on grounds that Petitioner had not exhausted his state remedies and had failed to make a showing of a denial of any constitutional right. *See Johnson v. Pa. Bd. of Prob. and Parole*, No. 99-5310, R&R (E.D. Pa., Sept. 8, 2000), approved and adopted, *see Johnson v. Pa. Bd. of Prob. and Parole*, No. 99-5310, Order (E.D. Pa., Oct. 3, 2000).

On April 26, 2000, Petitioner filed another Petition for Review in Commonwealth Court. *See* Petitioner's Petition for Review in the Nature of a Petition for a Writ of Mandamus, Apr. 14, 2000 (filed Apr. 26, 2000) ("Mandamus"), *Resp*. at App. 56-60. He, therein, contested the accuracy of the maximum release date set forth in the board's order of December 11, 1996, which recommitted him for fifteen months as a convicted parole violator. *See Johnson v. Pa. Bd. of Prob.*

*and Parole*, No. 957, Mem. Op. at 1 (Pa. Commw. Ct. Mar. 1, 2001). The thrust of Petitioner's argument was that the board "applied new parole eligibility requirements which were not in effect at the time of the Petitioner's original offense," and, therefore, the board's decision violated the *Ex Post Facto* clause of the United States Constitution. *See* Mandamus, *Resp.* at App. 56-60. The Commonwealth Court summarized the procedural events as follows:

> In February 1989, [Petitioner] entered SCI-Graterford to serve a seven to twenty-year sentence following convictions for third degree murder, robbery and conspiracy. [Petitioner] was paroled on December 19, 1994 following completion of his minimum term of imprisonment. On December 11, 1996, following his conviction for criminal trespass, the Board recommitted him to serve fifteen months back-time, established a new parole eligibility date "in or after December, 1997" and directed that Johnson "comply with the institutions prescriptive program requirements." The Board stated his new maximum sentence completion date as September 3, 2009. The Board mailed a copy of his recommitment order to Johnson on February 3, 1997. [Petitioner] did not file an appeal.
> Subsequently, following a hearing on Johnson's re-parole application, the Board denied parole in an order dated December 29, 1999. The December 1999 order states that at [Petitioner's] next parole review, the Board would consider whether he had successfully completed a treatment program for basic anger management, received a favorable recommendation from the Department of Corrections, maintained a clear conduct record and completed the Department's prescriptive programs. On January 27, 2000, [Petitioner] filed a *pro se* petition for administrative relief in which he contended that the Board erred in (1) denying him re-parole on the basis of new and improperly imposed conditions for parole eligibility and (2) recalculating his maximum sentence completion date to deprive him of "good time credits." In a decision mailed on March 20, 2000, the Board dismissed the appeal for the reason that Johnson "objects to the recalculation of [his] maximum term expiry to be September 3, 2009, as announced by a combined recalculation order and revocation decision mailed February 3, 1997. That administrative appeal was not received within 30 days of the mailing date of the recalculation order and therefore must be dismissed as untimely.

*Johnson v. Pa. Bd. of Prob. and Parole*, No. 957 at 1-2. The Honorable Bonnie Brigance Leadbetter

dismissed the petition, for lack of any right to administrative or appellate review, and affirmed the board's decision. *Id.* at 4. Judge Leadbetter found:

> [Petitioner] has no right to review of the Board's decision to deny parole. In its regulations, the Board provides only for administrative review of parole revocation decisions. *See* 37 Pa. Code § 73.1. It has also been established that a prisoner does not have a right, under either the Administrative Agency Law or the U.S. Constitution, to appellate review from a Parole Board decision denying parole. Because [Petitioner] is not entitled to review of the Board's denial of parole, the Board's order of December 29, 1999 does not trigger a thirty-day period in which [Petitioner] may seek administrative review.

*Id.* at 3-4 (internal citations omitted). The court also dismissed Petitioner's *Ex Post Facto* argument, stating that "the Board did not impose new post-sentence terms of parole eligibility in its denial of parole but rather stated the factors in reviewing a subsequent parole application." *Id.* Petitioner, on February 23, 2001, sought allowance of appeal to the Pennsylvania Supreme Court; on July 9, 2001, *allocatur* was denied. *See* Sup. Ct. Docket; *Resp.*, App., 52-55.

Next, on April 19, 2001, Petitioner filed another mandamus action in Commonwealth Court, asserting violations of the *Ex Post Facto* clause, as well the Fourth, Fifth, and Eighth Amendments to the United States Constitution. *See* Petitioner's Petition for Writ of Mandamus, Apr. 19, 2001; *Resp.*, App. 71-91. The Commonwealth Court, on April 25, 2001, dismissed the matter stating that "the decision to grant or deny parole is wholly a matter within the discretion of the Pennsylvania Board of Probation and Parole and not subject to judicial review." *See Johnson v. Pa. Bd. of Prob. and Parole*, No. 937, Order (Pa. Commw. Ct. Apr. 25, 2001); *Resp.*, App., 92. On May 4, 2001, Petitioner sought allowance of appeal in the Pennsylvania Supreme Court and, on October 1, 2001, the Supreme Court denied allocatur. *See* Sup. Ct. Docket; *Resp.*, App., 93-96.

Petitioner has been denied re-parole on four occasions. *Resp.*, App., at 25-29. Reasons for the denials include assaultive misconduct, supervision failures, need for counseling, refusal to submit a DNA sample, refusal to accept responsibility for his crimes, and adverse recommendations from the Department of Corrections. *Id.; see also* Petitioner's Petition for Admin. Relief, April 27, 1998, *Resp.* App. 30.

On July 11, 2002, Petitioner filed, *pro se*, the instant petition for writ of habeas corpus arguing:

(A) Petitioner's appeal of a parole board decision dated January 24, 1997 was timely filed;
(B) Ineffective assistance of counsel "in his appeal representation," specifically,
    (1) [Counsel's] application for leave to withdraw his appearance was faulty and legally inadequate;
    (2) [Employees] of the Respondent had placed false documentation about a misconduct into [Petitioner's] parole file;
    (3) [False] documentation was used by the Respondent as a basis to deny [Petitioner] a re-parole;
    (4) Respondent improperly extended [Petitioner's] original sentence;
    (5) [Respondent] violated the ex post facto clause of the U.S. Constitution by placing new parole eligibility requirements against [Petitioner];
    (6) Both Respondent and appointed counsel had allowed an incomplete certified record to go before the Court on appeal of the present case;
    (7) Counsel was ineffective concerning matters set forth in points (1) to (6) herein; and,
    (8) [Therefore,] this Court should Order the Respondent to re-parole [Petitioner,] and correct the improper extension of [Petitioner's] original sentence.

*See* Petitioner's Petition for Habeas Corpus, ("Petition Two"), July 11, 2002. Petitioner further states, in his brief, that Counsel was ineffective "concerning the Petitioner's appeal issue about an

9

improper calculation of his maximum sentence expiration date," and "in regard to the present case," specifically, counsel "was aware of the information pertaining to the Board's ex post fact[o] violation in its March 25, 1998 revocation of parole decision." *Id.*

The Commonwealth urges dismissal of this petition contending that (1) Petitioner's claim is procedurally defaulted, and (2) Petitioner has not asserted a constitutional violation.

On November 21, 2002, Petitioner filed an "Objection to Respondent's Petition for Writ of Habeas Corpus" ("Objection.")  This court quotes verbatim Petitioner's cryptic "conclusions:"

> Base[d] on the following facts of law which explain there is a conspiracy to delibe[ratly] den[y] Petitioner parole and false documentation use also to denied Petitioner reparole and the violation of ex post facto law and the violation of Petitioner plea-agreement, and the illegal sentence impose[d] by Nelson Diaz back Judge, Petition[er] request a[n] evidentiary hearing on all grounds in 20 days because Petitioner maxed date on as-2576, is December 19, 2002, and any past would be crue[l] and unusual punishment.

Objection at 5.  Accepting Petitioner's objections as a restatement of arguments presented in his habeas petition with an additional request for a hearing to determine his maximum date of expiration is made.

## II. DISCUSSION

A.  <u>Standard of Review</u>

In ruling on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a district court may only consider claims that a petitioner is being held in custody in violation of the Constitution or laws of the United States.  *See* 28 U.S.C. § 2254(a).  Where the merits of a petitioner's contentions have already been adjudicated in a state court proceeding, a habeas petition may not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved in unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States." 28 U.S.C. § 2254(d). A state prisoner is required to exhaust all avenues of state review of his claims prior to filing a petition for federal habeas review.[4] *See* 28 U.S.C. § 2254(b)(1). *See also Rose v. Lundy,* 455 U.S. 509, 519 (1982); *Toulson v. Beyer,* 987 F.2d 984, 987 (3rd Cir. 1993), *aff'd.* 30 F.3d 1488 (3rd Cir. 1994) (citations omitted).

B.  Exhaustion

The total exhaustion doctrine is rooted in our tradition of comity; the state must be given the "initial opportunity to pass upon and correct" alleged violations of a habeas petitioner's constitutional rights. *See Picard v. Connor*, 404 U.S. 270, 275 (1971) (citing *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)). *See also Tillet v. Freeman*, 868 F.2d 106 (3rd Cir. 1989). A claim is exhausted if it has been "fairly presented" once to the state's trial court, intermediate appellate court, and highest court. 28 U.S.C. § 2254(b); *Evans v. Court of Common Pleas, Delaware County, Pennsylvania,* 959 F.2d 1227, 1230-31 (3rd Cir. 1992) (citing *Picard*, 404 U.S. at 275) (1971)). The fair presentation requirement is met when the claim presented in the state court is the "substantial equivalent" of the claim asserted in the petitioner's federal habeas petition. *See Picard*, 404 U.S. at 278. *See Lesko v. Owens*, 881 F.2d 44, 50 (3rd Cir. 1989) (citing *Picard*), *cert. denied* 110 S.Ct. 759 (1990); *Bisaccia v. Atty. Gen. of N.J.*, 623 F.2d 307, 310 (3rd Cir. 1980) (*quoting Picard*), *cert. denied* 101 S.Ct. 622 (1980). A the intricate procedural history indicates, Petitioner has thoroughly exhausted his claims.

---

[4] The exhaustion requirements of 28 U.S.C. § 2254 provide:
>  (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>> (B)(i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedures, the question presented.

C.  Petitioner's Appeal of the Parole Board's Decision of January 24, 1997 is Unreviewable

Petitioner first argues that his appeal of the Parole Board's decision dated January 24, 1997, was timely filed. Both the Commonwealth Court and the Pennsylvania Supreme Court had an opportunity to review his assertion,[5] therefore, this claim is exhausted  However, independent and adequate state law grounds preclude review of this claim.

It is well-settled that a district court sitting in a habeas proceeding "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question first presented and adequate to support the judgment." *Riley*, Mem. Op. at 13 (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). According to the Third Circuit,

> A state rule provides an independent and adequate basis for precluding federal review of a state prisoner's habeas claims only if: (1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state courts' refusal in this instant is consistent with other decision.

*Doctor v. Walters*, 96 F.3d 675, 683-684 (3rd Cir. 1996) (citing *Neely v. Zimmerman*, 858 F.2d 144, 148 (3rd Cir. 1988)) (internal citations omitted). A state rule is adequate only if it is "consistently and regularly applied." *Walters*, 96 F.3d at 684 (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988). Moreover, a state procedural rule must be "firmly established and regularly followed" to bar federal habeas review. *Id.* (citing *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991).

Ground one meets these criteria. On February 23, 1999, the Parole Board dismissed

---

[5] The record does not include Petitioner's petition for allowance of appeal in the Supreme Court. As other district court's have done, this court will assume that Petitioner incorporated therein the same arguments that he asserted in the Commonwealth Court. *See, e.g.*, *Riley v. Myers*, No. 01-6958, 2002 U.S. Dist. LEXIS 24004, Mem. Op. at 11 (E.D. Pa. Dec. 18, 2002).

Petitioner's appeal of the February 3, 1997 commitment order as untimely per 37 Pa. Code § 73.1(a)(1). *See Johnson v. Pa. Bd. of Prob. and Parole*, No. 785 C.D. 1999 slip op. (Pa. Commw. Ct. Dec. 22, 1999). The Commonwealth Court, on December 22, 1999, upheld the Board's dismissal of Petitioner's appeal on this basis. *Id.* at 4-5. That Court, following state law, clearly articulated procedural bar as its reason for denying Petitioner relief. *Id.* Therefore, I conclude that independent and adequate state grounds require dismissal of Petitioner's contention that his appeal of the Board's decision was timely filed.[6]

### D. Counsel Adequately Represented Petitioner Before the Board and on Appeal to the Commonwealth Court

Petitioner alleges that his court-appointed counsel, Mr. James McClure, Esquire, was

---

[6] Assuming, *arguendo*, that Petitioner's appeal was timely, his arguments, nevertheless, would fail on their merits. Petitioner complains that his counsel, deficient in his representation, permitted the Board, or its employees, "[to] place[] false documentation" regarding misconduct in his file in order to deny him reparole and "improperly extend[]" his sentence in violation of his due process rights, including the *Ex Post Facto* and the Cruel and Unusual Punishment clauses of the United States Constitution. This court, having carefully review the record, has determined that Petitioner is not being held in violation of his maximum sentence, which is September 3, 2009. *See Johnson v. Pa. Bd. of Prob. and Parole*, No. 957, Mem. Op. at 1 (Pa. Commw. Ct. Mar. 1, 2001). The Third Circuit has held that, under substantive due process, a state may not deny parole on unconstitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights. *See Burkett v. Love*, 89 F.3d 135, 140 (3rd Cir. 1996). *See also Lindeman v. Pennsylvania Board of Prob. and Parole*, No. 97-4824, 1999 U.S. Dist. LEXIS 19416, *4 (Dec. 17, 1999). However, Pennsylvania law grants the Parole Board vast discretion to refuse or deny parole. *See* 61 Pa. Const. Stat. Ann. § 331.21. The statute provides:

> The Board is hereby authorized to release on parole any convict confined in any penal institution of this Commonwealth as to whom power to parole is herein granted to said board . . . whenever in its opinion the best interests of the convict justify or require his being paroled and it does not appear that the interests of the Commonwealth will be injured thereby . . . Said board shall have the power during the period for which a person shall have been sentenced to recommit one paroled for violation of the terms and conditions of his parole and from time to time to reparole and recommit in the same manner and with the same procedure as in the case of an original parole or recommitment . . .

61 Pa. Const. Stat. Ann. § 331.21. The law also authorizes the Board, in its discretion, to consider various factors in granting or denying parole. *See* 61 Pa. Const. Stat. Ann. § 331.19. Pennsylvania courts have affirmed the Board's complete discretion to parole a convict. *See, e.g., Rogers v. Board of Prob. and Parole*, 555 Pa. 285, 724 A.2d 319 (1999); *Weaver v. Board of Prob. and Parole*, 514 A.2d 967, 971 (Pa. Commw. 1986); *Reider v. Board of Prob. and Parole*, 514 A.2d 967 (Pa. Commw. 1986). In this case, the Parole Board's decisions, responsive to Petitioner's assaultive misconduct, supervision failures, need for counseling, refusal to submit a DNA sample, refusal to accept responsibility for his crimes, and adverse recommendations from the Department of Corrections, comply with Pennsylvania's statutory requirements. Nothing in the Board's decisions indicate reliance upon unconstitutional factors when it denied Petitioner's applications for reparole. Since the Board's exercise of discretion was neither arbitrary nor capricious, and did not violate substantive due process, Petitioner's contentions lack merit. *See generally, Lindeman*, 1999 U.S. Dist. LEXIS, at *8-9.

ineffective "in his appeal representation" before the Parole Board and during proceedings in the state courts. He alleges, *inter alia*, that Mr. McClure's withdrawal of appearance was "faulty and legally inadequate," and that this substandard representation allowed the Board to deny Petitioner various due process rights, including those under the *Ex Post Facto* and Cruel and Unusual Punishment clauses of the United States Constitution. Petitioner's claims are not cognizable under federal law.

It is well-settled that "there is no constitutional right to an attorney in state post-conviction proceedings." *Coleman*, 501 U.S. at 752. Neither is there is an absolute constitutional right to counsel in parole revocation proceedings. *See Gagnon v. Scarpelli*, 411 U.S. 778, 787 (1973). Federal courts in this Circuit have not extended the right to counsel to state post-conviction or parole revocation proceedings. *See, e.g.*, *Riley*, Mem. Op. at 17-18; *Person v. Pennsylvania Board of Prob. and Parole*, No. 98-2149 -6508, 1999 U.S. Dist. LEXIS 16382, Mem. Op. (E.D. Pa. Oct. 20, 1999).

In *Person*, the petitioner argued that his counsel was ineffective, during parole revocation proceedings, for failing to raise certain arguments before the Board and on appeal to the Commonwealth Court. *Person*, 1999 U.S. Dist. LEXIS at *35. The district court's holding in *Person* is applicable to this case:

> To the extent that Person is also arguing that he is entitled to federal habeas relief because his Sixth Amendment right to counsel was violated by counsel's ineffectiveness, this argument must also fail. There is no absolute constitutional right to counsel in parole revocation proceedings. *Gagnon* [411 U.S. at 787]. Similarly, "there is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim[] constitutionally ineffective assistance of counsel in such proceedings." *Coleman* [501 U.S. at 752] (internal citations omitted). Since there is no constitutional right to counsel in parole revocation proceedings, just as in state post-conviction proceedings, there can be no cognizable claim of constitutionally ineffective assistance of counsel in such proceedings.

*Person*, 1999 U.S. Dist. LEXIS at *34-35.

Hence, this court finds that Petitioner's claims are not cognizable under federal law. Therefore, Petitioner has not shown a denial of a constitutional right. Accordingly, I make the following:

### **RECOMMENDATION**

AND NOW, this 26th day of November 2003, for the reasons contained in the preceding report, it is hereby RECOMMENDED that the Petition for Writ of Habeas Corpus pursuant to U.S.C. § 2254 be DENIED without an evidentiary hearing. Petitioner has not demonstrated a substantial violation of any Constitutional right; therefore, there is no probable cause to issue a certificate of appealability.

_____
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE