IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DETROY JOHNSON, | ) | |
| | ) | Civil Action |
| Petitioner | ) | No. 2003-CV-01652 |
| | ) | |
| vs. | ) | |
| | ) | |
| KENNETH KLYLE, | ) | |
| DISTRICT ATTORNEY OF THE | ) | |
| COUNTY OF PHILADELPHIA and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents | ) | |

\* \* \*

| | | |
|---|---|---|
| DETROY JOHNSON, | ) | |
| | ) | Civil Action |
| Petitioner | ) | No. 2002-CV-04632 |
| | ) | |
| vs. | ) | |
| | ) | |
| PENNSYLVANIA BOARD OF PROBATION | ) | |
| AND PAROLE, | ) | |
| DEPARTMENT OF CORRECTIONS, | ) | |
| DISTRICT ATTORNEY OF THE | ) | |
| COUNTY OF PHILADELPHIA and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents | ) | |

O R D E R

NOW, this 29th day of March, 2004, upon consideration of petitioner Detroy Johnson's second pro se petition for writ of habeas corpus filed July 11, 2002 in case number 2002-CV-4632; upon consideration of the Response to Petition for Writ of Habeas Corpus filed November 1, 2002 on behalf of respondents in case number 2002-CV-4632; upon consideration of the Objection to Respondents' Petition for Writ of Habeas Corpus filed November 27,

2002 on behalf of petitioner; upon consideration of plaintiff's petition for a preliminary injunction filed March 11, 2003 in case number 2002-CV-4632; upon consideration of petitioner's pro se Motion for Expungement of DNA/Immunity do [sic] to the Violations of the Constitutional Rights as Follows:, which motion was filed April 16, 2003 in case number 2002-CV-4632; upon consideration of Respondents' Responses to Petitioner's Motions for Preliminary Injunction and Expungement of DNA filed July 28, 2003 in case number 2002-CV-4632; upon consideration of petitioner's Objection to Defendant's Responded [sic] to Motion for Expungement of DNA/Immunity, and Preliminary Injunction, and Order of Judge James Knoll Gardner filed August 11, 2003 in case number 2002-CV-4632; it appearing that by Order of our colleague United States District Judge John R. Pavoda dated July 30, 2002 plaintiff's petition for habeas corpus relief was referred to United States Magistrate Judge Carol Sandra Moore Wells for a Report and Recommendation; it further appearing that by Order dated December 20, 2002 case number 2002-CV-4632 was reassigned from the calendar of District Judge Padova to the calendar of the undersigned; upon consideration of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells dated November 26, 2003 in case number 2002-CV-4632; upon consideration of the Object [sic] to the Report and Recommendation of the Honorable Judge Sandra Moore Wells, Magistrate, filed December 16, 2003 on behalf of petitioner; upon consideration of the petition for habeas corpus, the response to the petition, the underlying state court record and after a thorough de novo review of the record in this

matter; it appearing that petitioner's objections to Magistrate Judge Wells' Report and Recommendation are a restatement of the issues raised in his underlying petition for habeas corpus relief, and are without merit; it appearing that Magistrate Judge Wells' Report and Recommendation correctly determined the legal issues presented in the petition for habeas corpus in case number 2002-CV-4632; upon consideration of petitioner's third pro se request for habeas corpus relief filed March 19, 2003 in case number 2003-CV-1652; upon consideration of petitioners request for a temporary restraining Order filed April 8, 2003 in case number 2003-CV-1652; upon consideration of the Answer/Memorandum in Opposition to Petition for Writ of Habeas Corpus filed August 6, 2003 on behalf of respondents in case number 2003-CV-1652; upon consideration of the Objection to Respondent's Memorandum in Opposition to Petition for Writ of Habeas Corpus and Order of Judge James Knoll Gardner filed August 20, 2003 on behalf of petitioner in case number 2003-CV-1652; it appearing that in the matter of <u>Detroy Johnson v. J.J. Ogershok</u>, No.Civ.A. 2002-CV-1525, (M.D. Pa. Mar. 10, 2003) United States Magistrate Judge Thomas M. Blewitt issued a Report and Recommendation which recommended that Plaintiff's Motion for Temporary Restraining Order be denied in that case;[1] it further appearing by Order dated May 19, 2003 of United States District Judge for the Middle District of

---

[1] A review of Magistrate Judge Blewitt's Report and Recommendation reveals that plaintiff sought relief in his action in the Middle District of Pennsylvania similar to the relief which he seeks in the two instant actions, namely, an injunction prohibiting anyone from compelling him to give a DNA sample.

Pennsylvania Malcolm Muir that Mr. Johnson's objections to Magistrate Judge Blewitt's Report and Recommendation were overruled; it further appearing that by Order of District Judge Muir dated July 7, 2003, Mr. Johnson's motion for reconsideration was denied,

IT IS ORDERED that Magistrate Judge Well's Report and Recommendation in case number 2002-CV-4632 is approved and adopted.

IT IS FURTHER ORDERED that petitioner's objections to Magistrate Judge Wells' Report and Recommendation are overruled.[2]

IT IS FURTHER ORDERED that the pro se petition for habeas corpus relief is denied without a hearing in case number 2002-CV-4632 .

IT IS FURTHER ORDERED that because petitioner fails to

---

[2] When objections are filed to a magistrate judge's report and recommendation, we are required to make a de novo determination of those portions of the report, findings or recommendations made by the magistrate judge to which there are objections.  28 U.S.C. § 636(b)(1); Rule 72.1(IV)(b) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania.  Furthermore, district judges have wide latitude regarding how they treat recommendations of the magistrate judge.  See United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Indeed, by providing for a de novo determination, rather than a de novo hearing, Congress intended to permit a district judge, in the exercise of the court's sound discretion, the option of placing whatever reliance the court chooses to place on the magistrate judge's proposed findings and conclusions. We may accept, reject or modify, in whole or in part any of the findings or recommendations made by the magistrate judge.  Raddatz, supra.

As noted above, we conclude that petitioner's objections to Magistrate Judge Wells' Report and Recommendation are nothing more than a restatement of the underlying claims contained in his petition for habeas corpus.  Moreover, upon review of the Report and Recommendation, together with de novo review of this matter, we conclude that the Report and Recommendation correctly determines the legal issues raised by petitioner.

Accordingly, we approve and adopt Magistrate Judge Wells' Report and Recommendation and overrule petitioner's objections to the Report and Recommendation.

demonstrate denial of a constitutional right, a certificate of appealability in case number 2002-CV-4632 is denied.

<u>IT IS FURTHER ORDERED</u> that petitioner's motion for preliminary injunction in case number 2002-CV-4632 is denied.[3]

---

[3]  Petitioner seeks a preliminary injunction to restrain respondents in case number 2002-CV-4632 from extracting his DNA.  Petitioner contends that the Department of Corrections is attempting to obtain a sample of his DNA, and petitioner contends that this is in violation of his rights under the First, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.  Petitioner does not specifically state how any of these constitutional rights have been violated.  Moreover, petitioner contends that the requirement to provide a sample of his DNA is not contained within his plea bargain agreement.  Thus, petitioner contends, he is not required to give a DNA sample.  Finally, petitioner contends that the Department of Corrections is retaliating against him for refusing to give a DNA sample by placing him in restrictive housing, denying him parole and taking away certain unspecified privileges.

Respondents contend that petitioner is not entitled to a preliminary injunction for a number of reasons.  Initially, respondents contend that because the underlying action is a petition for habeas corpus relief, the only relief possible is a writ of habeas corpus, not a preliminary or permanent injunction.  Next, respondents argue that the current motion has nothing to do with the claims made in the underlying habeas corpus action addressing petitioner's length of sentence.  In addition, respondents contend that even if the DNA requirement somehow causes petitioner to be in custody in violation of the Constitution, and is a ground for issuance of a writ of habeas corpus, he has not pursued the claim in the state courts.  Therefore, he cannot assert it as a basis for federal habeas corpus relief.  Finally, respondents contend that this issue has already been decided by United States District Judge Malcolm Muir in the United States District Court for the Middle District of Pennsylvania in in the matter of <u>Detroy Johnson v. J.J. Ogershok</u>, No. Civ.A. 2002-CV-1525, (M.D. Pa. Mar. 10, 2003).  For the following reasons, we agree with respondents and deny petitioner's motion for a preliminary injunction.

In considering a motion for a preliminary injunction the court has to look at four factors: (1) the likelihood of success on the merits; (2) the extent of irreparable injury from the conduct complained of; (3) the extent of irreparable harm to the defendants if a preliminary injunction issues; and (4) the public interest.  <u>Clean Ocean Action v. York</u>, 57 F.3d 328, 331 (3d Cir. 1995).  In this case, petitioner cannot satisfy the first two prongs of the test because he cannot show a likelihood of success on the merits, nor can he show any irreparable injury.

Initially, upon review of the March 10, 2003 Report and Recommendation of United States Magistrate Judge Thomas M. Blewitt and the May 19, 2003 and July, 7, 2003 Orders of Judge Muir in the <u>Johnson v. Ogershok</u> matter, we conclude that petitioner has already presented the same issue previously.  That issue is whether he is entitled to a preliminary injunction to enjoin respondents from compelling him to provide a sample of his DNA.  Petitioner's underlying cause of action in the Middle District case was an alleged civil rights violation pursuant to 42 U.S.C. § 1983, and the instant

(<u>Footnote 3 continued</u>):

IT IS FURTHER ORDERED that petitioner's pro se Motion for Expungement of DNA/Immunity do [sic] to the Violations of the Constitutional Rights in case number 2002-CV-4632 is denied.[4]

IT IS FURTHER ORDERED that petitioner's third pro se request for habeas corpus relief filed March 19, 2003 in case number 2003-CV-1652 is dismissed.[5]

---

(Continuation of footnote 3):

matter is a habeas corpus action.  Therefore, we conclude that the relief sought by petitioner in both actions is the same.  Because we conclude that Judge Muir previously correctly denied petitioner the same relief sought here, we deny petitioners motion for preliminary injunction.

In addition, we conclude that petitioner did not raise this issue before the state courts of Pennsylvania.  Thus, he has not exhausted his state court remedies.  28 U.S.C. § 2254(b)(1)(A).  Moreover, we conclude that respondents have the right to require petitioner to submit a sample of his DNA pursuant to state law.  See 42 Pa.C.S.A. § 4716.  There have been no constitutional violations under any federal or state constitutional right averred by petitioner.  See Commonwealth ex rel. Smith v. Pennsylvania Department of Corrections, 829 A.2d 788 (Pa. Commw. 2003); Singleton v. Lavan, 834 A.2d 672 (Pa. Commw. 2003); Dial v. Vaughn, 733 A.2d 1 (Pa. Commw. 1999).  Accordingly, for all the foregoing reasons, we deny petitioner's motion for a preliminary injunction.

[4]   We conclude in footnote 3, above, that respondents have not violated any of petitioner's federal or state constitutional rights.  We note that petitioner does not specifically state how any constitutional right has been violated.  Rather, he in a conclusionary fashion, asserts violations of specific constitutional amendments without stating how each was specifically violated.  However, the Commonwealth Court of Pennsylvania in Dial, supra noted that DNA identification statutes have withstood constitutional scrutiny under the Fourth, Fifth and Fourteenth Amendments as well as under the due process and ex post facto clauses.  See Boling v. Romer, 101 F.3d 1336 (10th Cir. 1996); Schlicher v. Peters, 103 F.3d 940 (10th Cir. 1996); Rise v. Oregon, 59 F.3d 1556 (9th Cir. 1995), cert. denied, 517 U.S. 1160, 134 L.Ed.2d 656, 116 S.Ct. 1554 (1996); Jones v. Murray, 962 F.2d 302 (4th Cir. 1992).  Moreover, the Commonwealth Court of Pennsylvania in Commonwealth ex rel. Smith, supra, held that the Pennsylvania DNA Act (42 Pa.C.S.A. §§ 4701 to 4741) was constitutional.  Because petitioner does not specifically state how either the First or Eighth Amendments have been violated, and because we conclude based on persuasive authority that no other constitutional right has been violated, we deny petitioner's motion.

[5]   In his third petition for habeas corpus relief, petitioner Detroy Johnson claims that he is being denied parole because he has refused to give a DNA sample.  For the following reasons, we deny and dismiss the petition.

(Footnote 5 continued):

IT IS FURTHER ORDERED that petitioners pro se request for a Temporary Restraining Order in case number 2003-CV-1652 is denied.[6]

IT IS FURTHER ORDERED that because petitioner fails to demonstrate denial of a constitutional right, a certificate of appealability in case number 2003-CV-1652 is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mark case number 2002-CV-4632 and case number 2003-CV-1652 dismissed.

BY THE COURT:


_____
James Knoll Gardner
United States District Judge

---

(Continuation of footnote 5):

Initially, we note that petitioner's current petition for habeas corpus relief is his third such petition. Moreover, as noted in footnote 3, above, petitioner has not sought relief from the Pennsylvania state courts on the issue of compelling him to provide a DNA sample. Thus, he has not exhausted his state court remedies. In addition, in this third habeas petition, petitioner does not seek release from custody. Rather he seeks an Order precluding respondents from taking a DNA sample from him.

For the reasons set forth above, we conclude that petitioner fails to set forth any constitutional violation. Thus, he has no right to federal habeas corpus relief. In addition, because petitioner does not seek release from custody, but rather injunctive relief, we conclude that a habeas corpus petition is not the proper vehicle for this matter. Moreover, we conclude that because petitioner did not exhaust his state court remedies, we do not have jurisdiction to hear the petition. Finally, if petitioner had properly raised a constitutional question and exhausted his state court remedies, we would have considered his petition because the facts were not known or ascertainable to petitioner prior to filing either of his prior habeas petitions. See 28 U.S.C. § 2244(b)(2)(B).

[6] We deny petitioner's request for a Temporary Restraining Order in this matter on the same grounds expressed in footnote 3, above, where we denied his request for a preliminary injunction. The test for a preliminary injunction and a temporary restraining order are the same. See York, supra.